ίυ]Μ

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

# RECEIVED

SEP - 4 20

---------------------------------------------------------------X

AT 8:30_____M
WILLIAM T. WALSH
CLERK

LOUIS ANTHONY MANNA,
Petitioner-Movant,

Crim. No. 88-239
Civil No. 97-2034

Notice of Motion For

V.

Discovery In connection With
Proceeding Pursuant To
28 U.S.C. §2255

UNITED STATES OF AMERICA,
Respondent.

# FILED

---------------------------------------------------------------X

**SEP** 4 **2003**

AT 8:30
WILLIAM T. WALSH
CLERK

PLEASE TAKE NOTICE, that upon the annexed declaration of Louis A. Manna, dated

August 11, 2003, the Exhibits attached hereto, the Memorandum Of Law submitted in support

hereof, and upon all prior proceedings heretofore had herein, Petitioner will move before this Court,

at a place and time to be determined by this Court in accordance with its Rules:

I. For an Order, pursuant to the All Writs Act (28 U.S.C. Sec.1651), Rule 6 of the Rules

Governing Section 2255 Proceedings (28 U.S.C. §2255, Proc. Rule 6), the Federal Rules of Civil

Procedure, the Federal Rules of Criminal Procedure, Rule 83.3 of the Local Civil Rules of the United

States District Court for the District of New Jersey and the inherent and supervisory powers of this

Court, directing the Office of the United States Attorney for the District of New Jersey and the

United States Martial Service, to provide the Petitioner with those items of discovery set forth in

Exhibit D to Petitioner-Movant's declaration submitted herewith;

II.    And for such other and further relief as to this Court may seem just and proper.


Dated: Hackensack, New Jersey
        September 4,  2003


                                        Paul L. Potenza   PP 8591
                                        Co-counsel to Petitioner
                                        Anthony A. Manna
                                        159 Polifly Road
                                        Hackensack, New Jersey 07602
                                        (201) 342-1700

                                        Pending Admission *Pro Hac Vice*
                                        John W. Mitchell
                                        Co-counsel to Petitioner
                                        Anthony A. Manna
                                        600 Third Avenue, 31st. Floor
                                        New York, New York 10016
                                        (212) 696-9500




To:    The Clerk of the Court
        United States District Court
        For the District of New Jersey

        A.U.S.A. Kevin E. McCarthy
        Chief, Strike Force Division
        Office of the United States Attorney
        For the District of New Jersey

        James Plousis
        United States Marshal
        For The District of New Jersey

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

*Louis Anthony Manna*

LOUIS ANTHONY MANNA
           Petitioner-Movant,

    V.                                   Crim. No. 88-239
                                           Civil No. 97-2034

UNITED STATES OF AMERICA
               Respondent.

-----------------------------------------------------------------X

LOUIS ANTHONY MANNA, pursuant to the provisions of 28 U.S.C. 1746, herewith makes the following declaration under the penalties of perjury:

    1.    I am the Petitioner-Movant in the above entitled proceeding and I make this declaration in support of my application for certain discovery, as more fully described in Exhibit D hereto.

    2.    On or about June 28, 1989, following a trial to a jury, I was convicted of a substantive RICO count (18 U.S.C. § 1962[c]) and a RICO conspiracy count (18 U.S.C. §1962[d]), and of several substantive counts alleging violations of 18 U.S.C. §1952B, §§ 891 & 894, §317 and §1955. On September 26, 1989, I was sentenced by the Hon. Maryanne Trump Barry, to a term of 80 years imprisonment.

-1-

3.    Following my conviction, I filed a direct appeal to the United States Court of Appeals for the Third Circuit. My conviction was affirmed without opinion on November 21, 1990. ( United States v. Manna, 919 F.2d 733 [3d Cir. 1990]) I subsequently filed a Petition for a Writ of Certiorari, which was denied on April 1, 1991. (Manna v. United States, 499 U.S. 949 [1991])

4.    Virtually from the time of my conviction, I have made every effort to prove that I was innocent of all charges brought against me and that I was unfairly convicted. To this end, I have vigorously and diligently pursued requests, under the Freedom of Information Act ("FOIA," 5 U.S.C. § 552), for all information maintained by the government that related to my case. However my efforts to unearth relevant information met with persistent and continued resistance from the government and from those individual law enforcement agencies to which FOIA requests were made. In fact, on a number of occasions I have had to litigate my rights to secure this information. (Manna v. United States Dep't of Justice, 815 F. Supp. 798 [D. N.J. 1993]; Manna v. United States Dep't of Justice, No. 92-1840 [D. N.J. August 25, 1993]; Manna v. United States Department of Justice, 832 F. Supp. 866 [D. N.J. 1993]; Manna v. United States Department of Justice, 51 F.3d 1158 [3rd Cir. 1995]; Manna v. Bell Atlantic of New Jersey, et al, denied [D.C. Civ. No. 94-04917] affirmed, 65 F.3d 162 [3rd. Cir. 1995]).

5.    In this regard, it is germane to point out that before filing a Petition for a Writ of Habeas Corpus in April of 1997 - and aware that the laws relating to habeas corpus petitions provided that absent unusual circumstances I would have a only a single opportunity to raise newly discovered information for the District Court's review and consideration - I worked diligently to discover and secure all available information pursuant to the FOIA.  The fact that I was using the FOIA to gather information for a habeas petition was, at that time, well known to the government. Indeed, as the

-2-

Third Circuit Court of Appeals observed in "Manna v. United States Department of Justice, *supra* at 1166; "Manna appears to seek disclosure of the documents in an effort to prove, in a forthcoming *28 U.S.C.A. § 2255* habeas petition, government misconduct during his criminal prosecution as well as his innocence."

5. On April 21, 1997, having pursued every possible avenue to secure relevant information from the government's files, I filed a habeas corpus petition pursuant to 28 U.S.C. §§2255 & 2241. In an opinion dated January 29, 1998, Judge Maryanne Trump Barry, denied the Petition in all respects. On February 6, 1998, I filed a motion for reconsideration. On August 4, 1999, my motion for reconsideration was denied, and in addition, the Court's Order further provided that Petitioner's request that a Certificate of Appealability issue pursuant to 28 U.S.C. §2253(c), also be denied.

6. Even though my habeas corpus petition was denied, I have nonetheless persisted in my efforts to discover relevant information from the government to prove my innocence. Recently, in response to a request to the Federal Bureau of Investigation, once again made under the Freedom to Information Act, I was provided with a document described on its face as a "FBI priority memorandum." Even though this document was dated "August 4, 1989" - and notwithstanding all of my prior efforts to cause the FBI to disgorge relevant documents under the FOIA - I had never seen this memorandum before, I did not know that such a document existed, and most importantly, I was entirely unaware of the facts and/or subject matter addressed therein.

7. In any event, while the 13 page FBI memo is fragmented and substantial portions have been blacked-out, the information that can be deciphered therefrom is, axiomatically, of enormous significance.

8. As the document attached hereto as exhibit "A" revealed to me for the first time,

-3-

apparently sometime in July of 1989 - just following my conviction but prior to my sentencing - the
FBI allegedly received information from an individual, who the Bureau considered to be a credible
source, that the Petitioner (and perhaps others) were involved in a plot to murder Trial Judge
Maryanne Trump Barry, the United States Attorney, Samuel A. Alito and the chief prosecutor,
AUSA Michael Chertoff. As a result, and as the FBI memo confirms, "appropriate notifications"
were made by the FBI to Judge Barry, United States Attorney, Samuel Alito, AUSA Michael
Chertoff, The United States Marshal's Service, Newark and the Chief Judge of the United States
District Court for the District of New Jersey.

9.     However, even though these events took place in July and August of 1989, at no time
did anyone from the government, Trial Judge Barry, the Chief Judge of the District Court, the FBI,
or anyone from the U.S. Marshal's Service, ever notify Petitioner or any representative, specifically
including his counsel (trial or appellate counsel) or to Petitioner's knowledge, any co-defendant or
their counsel, that Judge Barry had been warned by the FBI that the Petitioner was involved in a plot
to kill her, the lead trial prosecutor and others. In fact, to this day, Judge Barry has never revealed
that at the time she sentenced the Petitioner, as well as at those times she ruled upon Petitioner's
habeas corpus applications, she was aware of a death threat against her, purportedly involving the
Petitioner.

10.     On December 16, 2002, Paul Potenza, Esq., acting as my counsel, wrote a letter to
AUSA Kevin E. McCarthy, Chief of the Strike Force Division of the United States Attorney's
Office, as well as to the United States Marshal's Service, Newark, New Jersey. In Mr. Potenza's
letter (attached hereto as Exhibit "B"), he provided a copy of the thirteen page "priority
memorandum" which I had received from the FBI pursuant to my FOIA request, and asked the

-4-

government to produce any information in their possession which related to this alleged murder plot,

including :

  (a)  copies of the interview(s) of and/or statements and
       information given by the informant;
  (b)  the results of any polygraph test given to the informant and the
       date(s) thereof;
  (c)  disclosure of the precise date Judge Barry, Mr. Chertoff and
       the other victims of the alleged conspiracy were advised of
       same;
  (d)  disclosure of any security or other precautions provided to the
       victims of the alleged conspiracy; and,
  (e)  copies of all internal memorandums and investigative reports
       prepared in connection with the FBI's investigation of the
       informant's report.

The request by my counsel went completely ignored. Accordingly, in late May of 2003, I asked Mr.

Potenza to again request of the government any information that they possessed regarding this

matter. In a letter dated June 3, 2003 (attached hereto as Exhibit "C"), Mr. Potenza renewed his

request for those materials that he had sought in his letter of December 16, 2003. Nevertheless, once

again - with the exception of a call from a representative of the Marshal's Service saying that he had

no knowledge or information about the matter - Mr. Potenza's request was ignored.

    11.    As more fully set forth in the accompanying Memorandum of Law, the law is well

settled that a trial judge has a self-executing obligation, under 28 U.S.C. §455(a), to recuse herself

once she is informed by a source other than the defendant, that she is the target of a murder plot by

a defendant. If Judge Barry was in fact made aware of a purported plot to kill her, which allegedly

involved the Petitioner, and she was informed of this alleged plot by the FBI and/or the Marshal's

Service, she was obligated by law to recuse herself. Most respectfully, she should not have presided

over and imposed the sentence in my case, nor should she have ruled upon any post trial proceedings

and most importantly, she should not have decided my habeas corpus Petition.

12.   For the reasons more fully described in the accompanying Memorandum of Law, I am entitled to discovery of the information that relates to these matters so that I may have a fair opportunity to raise and litigate the issue of whether the rulings and decisions of Judge Barry - subsequent to her being informed of this alleged murder plot - should be vacated, *nunc pro tunc*. Accordingly, an Order of this Court should issue directing the Office of the United States Attorney for the District of New Jersey, the Federal Bureau of Investigation and the United States Marshal's Service to provide Petitioner with all relevant information which relates to this alleged July 1989 murder plot and any and all information with respect to the notification of Judge Barry, including but not limited to a description of any measures that may have been undertaken to guard or otherwise protect Judge Barry and/or any other the other individuals said to be potential targets of the alleged plot.

I, Louis A. Manna, pursuant to the provisions of 28 U.S.C. §1746, declare under penalty of perjury that the foregoing statements are true and correct.

Fairton, New Jersey
Executed on this **11** day of August,   2003

Louis Anthony Manna
Louis Anthony Manna

-6-

XT: VZCZCNYO104

PP HQ NK

DE NY #0104 2052037

ZNY UUUUU

O 241654Z JUL 89

FM FBI NEW YORK (89B-NK-63569)

TO DIRECTOR FBI/PRIORITY/

FBI NEWARK/PRIORITY/

BT

UNCLAS

CITE: //3540//

(13 PAGES)

SUBJECT: MARTIN CASELLA; FRANK DANIELLO; RICHARD DESCISCIO; LOUIS;

ANTHONY MANNA; AKA BOBBY MANNA ██████████████████ AKA;

██████████ USDC JUDGE MARYANNE TRUMP BARRY, USA SAMUEL A ALITO;

AUSA MICHAEL CHERTOFF-VICTIMS; AFO CONSPIRACY; OO:NK.

    RENKTEL TO DIRECTOR, DATED JULY 14, 1989.

    ON JULY 19, 1989 ██████████ METROPOLITAN CORRECTIONAL

CENTER, NEW YORK CITY, NEW YORK, ADVISED THAT LOUIS ANTHONY MANNA,

INMATE NUMBER 09211-050 HAS BEEN VISITED BY ██████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████ NO VISITOR LIST WAS AVAILABLE FOR RICHARD

DESCISCIO, INMATE NUMBER 09219-050, INDICATING HIS ONLY VISITORS

HAVE BEEN IMMEDIATE FAMILY.

    ██████████ ADVISED NO RECORDS ARE KEPT OF DESTINATIONS FOR OUTGOING

MAIL OR ORIGINS OF INCOMING MAIL. FURTHER ██████ RECORDS

INDICATE AUSA/NK HAS SUBPOENAED VISITORS LIST FOR THE MONTH OF JUNE.

██████████ ADDED THAT THE TYPE OF SUBJECTS IN CAPTIONED MATTER

OFTEN PASS MESSAGES OUTSIDE JAIL THROUGH THEIR ATTORNEYS.

    INVESTIGATION IS CONTINUING.

67C

89B-NK-63569-

MOST

INDEXED

SERIALIZED ___ FILED

JUL 24 1989

DUPLICATE

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION

AIRTEL

DATE:          1989

TO      : SAC, NEWARK (99B-NK-63569)

FROM    : ADIC, NEW YORK (B93-NK-63569) (P) (NRA)

SUBJECT: MARTIN CASELLA;
         FRANK DANIELLO;
         RICHARD DESCISCIO;
         LOUIS ANTHONY MANNA, aka;

                         aka;
       - USDJ MARY ANN TRUMP BARRY - VICTIM;
         USA SAMUEL A. ALITO - VICTIM;
         AUSA MICHAEL CHERTOFF - VICTIM;
         APO;
         CONSPIRACY
         (OO: NK)

         ReNKteletype to Bu, dated 7/14/89, and NY teletype to
NK, dated 7/19/89.

         Enclosed for Newark are copies of correspondence lists
and visitor lists for subjects MARTIN CASELLA, inmate no.
09216-050                          inmate no.           and
inmate no.

         On 7/25/89,                                    Federal
Correction Institution (FCI), Otisville, NY, made available the
enclosed correspondence and visitor lists,              advised
the enclosed lists represent all available records regarding the
inmates.  He advised little further information exists, primarily
because the above inmates are classified "holdovers" and have
been convicted but not sentenced              advised no records
could be immediately located regarding subject FRANK DANIELLO,
inmate no. 09214-050, who is also confined at FCI, Otisville.

2-Newark (Encls. 3)
1-New York

GJL/chm
(4)

INFO!

183A-328-1365X1


SEARCHED_____ INDEXED____
SERIALIZED___ FILED____
AUG 0 4 1989

Case 2:97-cr-00091-MTB   Document 29   Filed 08/04/05   Page 11 of 27 PageID: 271

89B-NK-63569

█████████████ was made aware of details regarding
captioned investigation ████████████ advised he has made
discreet plans to ███████████████████████████████████████
███████████████████████ FCI, Otisville.   He advised all
future visitors received by captioned subjects ████████████
and the Newburgh RA will be advised.  He advised discreet
attempts will also be made to ███████████████████████████
██████████████

67C
67D

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

     Contact will be maintained with ███████████ pending
receipt of further information from Newark.

-2-



Record Number

```
 1  I/M #        :09216-050
 2  I/M NAME     :Casella Martin
 3  VIS 1        :
 4  ADDRESS      :
 5  VIS 2        :
 6  ADDRESS      :same as above
 7  VIS 3        :
 8  ADDRESS      :
 9  VIS 4        :
10  ADDRESS      :
11  VIS 5        :
12  ADDRESS      :
13  VIS 6        :
14  ADDRESS      :
15  VIS 7        :
16  ADDRESS      :
17  VIS 8        :
18  ADDRESS      :
19  VIS 9        :
20  ADDRESS      :
21  VIS 10       :
22  ADDRESS      :
23  DAY1.        :07-12-1989
24  VISITO       :      eekday
25  DAY2.        :
26  VISITOR      :
27  DAY3         :
28  VISITOR      :
29  DAY4         :
30  VISITOR      :
31  DAY5         :
32  VISITOR      :
33  DAY6         :
34  VISITO       :
35  DAY7         :
36  VISITOR      :
37  SPECIAL      :
38  ATTORNE      :
39  REMARKS      :
40  REMARKS      :
```

67C

Record Number

```
 1  I/M #
 2  I/M NAME
 3  VIS 1
 4  ADDRESS
 5  VIS 2
 6  ADDRESS      :SAME AS ABOVE
 7  VIS 3
 8  ADDRESS
 9  VIS 4
10  ADDRESS
11  VIS 5
12  ADDRESS
13  VIS 6
14  ADDRESS
15  VIS 7
16  ADDRESS
17  VIS 8
18  ADDRESS
19  VIS 9
20  ADDRESS
21  VIS 10
22  ADDRESS
23  DAY1        :07-06-1989
24  VISITOR                    weekday
25  DAY2        :06-17-1989
26  VISITOR                    weekend
27  DAY3        :07-13-1989
28  VISITOR                    wee3kday
29  DAY4        :06-08-1989
30  VISITOR                    weekday
31  DAY5        :05-11-1989
32  VISITOR                    weekday
33  DAY6        :06-24-1989
34  VISITOR                    weekend
35  DAY7        :06-02-1989
36  VISITOR                    weekend
37  SPECIAL
38  ATTORNEY
39  REMARKS
40  REMARKS     :07-01-1989
```

b7C

Record Number : 488

```
 1  I/M #       :
 2  I/M NAME    :
 3  VIS 1       :
 4  ADDRESS     :
 5  VIS 2       :
 6  ADDRESS     :
 7  VIS 3       :
 8  ADDRESS     :  same as VIS 2
 9  VIS 4       :
10  ADDRESS     :
11  VIS 5       :
12  ADDRESS     :
13  VIS 6       :
14  ADDRESS     :
15  VIS 7       :
16  ADDRESS     :
17  VIS 8       :
18  ADDRESS     :
19  VIS 9       :
20  ADDRESS     :
21  VIS 10      :
22  ADDRESS     :
23  DAY1        :07-08-1989
24  VISITOR     :         weekend
25  DAY2        :
26  VISITOR     :
27  DAY3        :
28  VISITOR     :
29  DAY4        :
30  VISITOR     :
31  DAY5        :
32  VISITOR     :
33  DAY6        :
34  VISITOR     :
35  DAY7        :
36  VISITOR     :
37  SPECIAL     :
38  ATTORNEY    :
39  REMARKS     :
40  REMARKS     :
```

3 (Rev 8-29-85)

FBI

TRANSMIT VIA:
☐ Teletype
☐ Facsimile
☐ _____

PRECEDENCE:
☐ Immediate
☐ Priority
☐ Routine

CLASSIFICATION:
☐ TOP SECRET
☐ SECRET
☐ CONFIDENTIAL
☐ UNCLAS E F T O
☐ UNCLAS
Date _____

FM FBI NEWARK (89B-NK-63569) (P) (C-1)

1   TO DIRECTOR FBI/PRIORITY/

2   TO FBI ALBANY/PRIORITY/

3   TO FBI NEW YORK/PRIORITY/

4   BT

5   UNCLAS

6   CITE: //3510//

7

8   SUBJECT: MARTIN CASELLA; FRANK DANIELLO; RICHARD DE SCISCIO;

9   LOUIS ANTHONY MANNA; AKA BOBBY MANNA ████████████

10   ████████ AKA ████████████ (PH); USDC JUDGE MARYANNE TRUMP BARRY,

11   USA SAMUEL A ALITO; AUSA MICHAEL CHERTOFF-VICTIMS; AFO

12   CONSPIRACY; OO: NEW YORK.

13   SECTION ONE OF THREE.

14   RE: TELEPHONE CONVERSATION BETWEEN SSA ████████████

15

16

17

18   183A-329-1365

19

20

21

Approved: _____   Transmitted _____   Per _____
(Number)   (Time)   SEARCHED ___ INDEXED ___
SERIALIZED ___ FILED ___

Case 2:97-cr-01651-MTB Document 16 Filed 06/04/08 Page 171 of 27 Page ID #:7

3 (Rev. 8-29-85)

FBI

| TRANSMIT VIA: | PRECEDENCE: | CLASSIFICATION: |
|---|---|---|
| ☐ Teletype | ☐ Immediate | ☐ TOP SECRET |
| ☐ Facsimile | ☐ Priority | ☐ SECRET |
| ☐ _____ | ☐ Routine | ☐ CONFIDENTIAL |
| | | ☐ UNCLAS E F T O |
| | | ☐ UNCLAS |

Date _____

PAGE TWO, NK 89B-NK-63569, UNCLAS

NEWARK AND SSA ████████ FBIHQ 7/3/89.

FOR INFORMATION OF ALBANY CAPTIONED SUBJECTS CASELLA,

DANIELLO, DE SCISCIO, MANNA, AND ████████ WERE RECENTLY CONVICTED

IN USDC, NEWARK IN AN ORGANIZED CRIME MATTER, BEFORE JUDGE MARY

ANN TRUMP BARRY. SENTENCING IS PENDING. AUSA MICHAEL CHERTOFF

WAS THE LEAD PROSECUTOR IN THE CASE.

(X ████████ PROTECT IDENTITY, P.I. ████████

DOB: ████████ SSAN ████████ FBI ████████

b7C
b7D

████████ INFORMED FBI AND USMS, NEWARK OF THIS ████████

WAS INTERVIEWED AT BY SAS OF FBI NEWARK ON ████████

████████ ADVISED A

FOLLOWS:

Approved: _____ Transmitted _____ Per _____

(Number)   (Time)

3 (Rev. 8-29-85)

FBI

TRANSMIT VIA:
☐ Teletype
☐ Facsimile
☐ _____

PRECEDENCE:
☐ Immediate
☐ Priority
☐ Routine

CLASSIFICATION:
☐ TOP SECRET
☐ SECRET
☐ CONFIDENTIAL
☐ UNCLAS E F T O
☐ UNCLAS

Date _____

PAGE SEVEN, NK 89B-NK-63569 UNCLAS

1

2

3

4

5

6

7

8

9

10

11

12

13    FOLLOWING INTERVIEW OF ███████████████████ ASKED TO TAKE A

14   POLYGRAPH EXAMINATION.  HE AGREED; HOWEVER, WHEN WITH THE

15   EXAMINER HE DECIDED HE WOULD NOT TAKE THE EXAMINIATION UNTIL HIS

16   ATTORNEY MET WITH SOMEONE FROM THE U.S. ATTORNEY'S OFFICE.

17

18

19

20

21

Approved: _____     Transmitted _____     Per _____
                                          (Number)     (Time)

Case 2:97-cv-03568-DRB Document 33 Filed 09/04/03 Page 18 of 27 PageID: 278

5 (Rev. 8-29-85)

**FBI**

TRANSMIT VIA:
☐ Teletype
☐ Facsimile
☐ _____

PRECEDENCE:
☐ Immediate
☐ Priority
☐ Routine

CLASSIFICATION:
☐ TOP SECRET
☐ SECRET
☐ CONFIDENTIAL
☐ UNCLAS E F T O
☐ UNCLAS

Date _____

^PAGE EIGHT, NK 89B-63569, UNCLAS

1   EVENT THE POLYGRAPH INDICATES TRUTHFULNESS.  IT IS NOTED THAT

2

3

4

5

6

7

8

9

10

11

12

13

14

15   SUBSEQUENT INVESTIGATION INDICATED

16

17                            DOB          HT        WT        LBS

18

19

20

21

Approved: _____  Transmitted _____  Per _____
                                        (Number)    (Time)

ó (Rev 8-29-85)

FBI

TRANSMIT VIA:
☐ Teletype
☐ Facsimile
☐ _____

PRECEDENCE:
☐ Immediate
☐ Priority
☐ Routine

CLASSIFICATION:
☐ TOP SECRET
☐ SECRET
☐ CONFIDENTIAL
☐ UNCLAS E F T O
☐ UNCLAS
Date _____

PAGE TEN, NK 89B-63569, UNCLAS

1  CASE AGENT IN NK 183A-329 (MANNA CASE) HAS PREPARED THE FOLLOWING
2  ASSESSMENT:

3     THREAT ASSESSMENT:  TRADITIONAL ORGANIZED CRIME.

4        LOUIS ANTHONY MANNA IS ALLEGED TO BE AND, IN FACT, WAS
5  CONVICTED ON 6/26/89 OF CONTROLING A PARTICULARLY VIOLENT FACTION
6  OF THE GENOVESE LCN.  THE TRIAL OF MANNA, ET AL, WAS AN INTENSIVE
7  EFFORT BY AUSA, MIKE CHERTOFF AND IT IS CERTAINLY CONCEIVABLE
8  THAT MANNA WOULD HOLD CHERTOFF SINGULARLY RESPONSIBLE FOR THE
9  CONVICTIONS.  LIKE WISE , JUDGE MARYANNE TRUMP BARRY'S COURTROOM
10 PRESENCE COULD BE PERCEIVED BY MANNA TO HAVE BEEN A DETRIMENT TO
11 HIS DEFENSE STRATEGY.

12    AT THIS POINT, NO AVAILABLE INFORMATION EXISTS TO MAKE AN
13 INFORMED JUDGEMENT AS TO MANNA'S CONTINUED STATURE WITHIN THE
14 GENOVESE LCN AND IT THEREFOR MUST BE ASSUMED THAT HE CONTINUES TO
15 MAINTAIN A POSITION WITHIN THE HEREARCHY OF THE FAMILY.  MANNA'S
16 REPUTATION AND EVIDENCE PRESENTED AT HIS TRIAL INDICATE THAT HE
17 IS MORE THAN CAPABLE OF ORDERING THE EXECUTION OF OTHERS.
18 MANNA'S CONVICTION FOR PLOTTING THE EXECUTION OF BOTH JOHN AND
19 GENE GOTTI IS BASIS TO BELIVE THAT HE IS CAPABLE OF ORDERING THE
20 EXECUTION

21

Approved: _____   Transmitted _____   Per _____
                                         (Number)    (Time)

RECYCLED

# Paul L. Potenza
### ATTORNEY AT LAW
155 Polifly Road
Hackensack, New Jersey 07601

Tel: (201) 342-1700
Fax: (201) 343-5181

December 16, 2002

United States Attorney's Office
    for the District of New Jersey
970 Broad Street, Room 700
Newark, New Jersey  07102

Attention:  A.U.S.A. Kevin E. McCarthy, Chief, Strike Force Division

Re:  MANNA, Louis Anthony adv. United States
    Crim. No. 88-239

Dear Mr. McCarthy:

    You will recall that I previously requested and wrote to you (see copy 9/12/02 correspondence attached hereto) regarding your efforts to locate the photographs and negatives my client Louis Anthony Manna produced at his trial of his son's birthday party on January 10, 1988, as well as copies of any Jencks material which may have been produced at trial. Please advise of your success in these regards.

    Most recently, in July of this year, Mr. Manna received numerous documents pursuant to his requests through the Freedom of Information Act. These have revealed a number of official FBI inquiries and activities of which neither he nor his trial counsel were ever made aware. As a result of these FOIA disclosures, I now make the following official requests of your Office:

    1.    I enclose a 1-page FBI memorandum dated 2/23/89 whereby the Newark Office is requesting of the New York Office copies of photos, prints and handwriting exemplars pertaining to Mr. Manna. We know these documents were secured by the New York FBI pursuant to a Grand Jury Subpoena on March 5, 1987. I hereby request copies of these documents sent to your Office pursuant to this request.

    2.    I enclose a 2-page FBI memorandum/teletype dated 4/25/88 requesting that its Boston Office send a Special Agent to Newark to help identify voices on tape recordings. Neither the identity of this Agent nor his background and experience/expertise was ever disclosed to Mr. Manna or his trial counsel and a formal request is hereby made for the identity of this Agent.

     3.     I enclose copies of an FBI memorandum dated 2/23/89 from the Newark to the New York office requesting copies of tapes in the "Ostrakova" investigation, and a second memorandum dated 3/9/89 whereby the Newark Office acknowledges receipt of these tapes. I hereby request copies of these tapes as well as any reports, memorandums, etc. prepared by the FBI or its agents in conjunction with their review/investigation of same.

     4.     I enclose copies of 13-pages of FBI memorandum/teletype dated July 1989 pertaining to an alleged conspiracy by Mr. Manna, and some of his fellow Defendants at trial, to harm Judge Barry, Mr. Chertoff, and others. Same refers to a polygraph given to the informant, and the fact that the victims of the alleged conspiracy were notified of the threat. Accordingly, I request on behalf of Mr. Manna (a) copies of the interview(s) of and/or statements and information given by the informant; (b) the results of any polygraph test given to the informant; (c) disclosure of the precise date Judge Barry, Mr. Chertoff and the other victims of the alleged conspiracy were advised of same; (d) disclosure of any security or other precautions provided to the victims of the alleged conspiracy; and, (e) copies of all internal memorandums and investigative reports prepared in connection with the FBI's investigation of the informant's report. I wish to emphasize that Mr. Manna does NOT seek the identity of the informant at this time.

     By copy hereof to the United States Marshals Service (Newark), I am including that Government Agency in my request #4 next above for the information described, and providing it with copies of the relevant 13-page FBI memorandum/teletype.

     Thank you.

                           Very truly yours,

                           PAUL L. POTENZA

Attachment & Encls.
Cc:    United States Marshals Service (Newark, NJ)(w/13-pp. encls.)
       Mr. Louis Anthony Manna (w/encls.)

**Paul L. Potenza**
ATTORNEY AT LAW

155 Polifly Road
Hackensack, New Jersey 07601

Tel: (201) 342-1700
Fax: (201) 343-5181

June 3, 2002

United States Attorney's Office
    for the District of New Jersey
970 Broad Street, Room 700
Newark, New Jersey  07102

Attention:  A.U.S.A. Kevin E. McCarthy, Chief, Strike Force Division

Re:  MANNA, Louis Anthony adv. United States
     Crim. No. 88-239

Dear Mr. McCarthy:

        You will recall that on December 16, 2002, I wrote to your office (with a copy to
the U.S. Marshal's Service, Newark), forwarding copies of 13-pages of FBI
memorandum/teletype dated July 1989 pertaining to an alleged conspiracy by Mr.
Manna, and some of his fellow Defendants at their trial in U.S. District Court in 1989, to
harm Judge Barry, Mr. Chertoff (who was prosecuting their matter), and others.  Same
refers to a polygraph given to the informant, and the fact that the victims of the alleged
conspiracy were notified of the threat.  I have never received a response to my request.
Accordingly, I request on behalf of Mr. Manna:

        (a)        copies of the interview(s) of and/or statements and information
given by the informant;
        (b)        the results of any polygraph test given to the informant and the
date(s) thereof;
        (c)        disclosure of the precise date Judge Barry, Mr. Chertoff and
the other victims of the alleged conspiracy were advised of same;
        (d)        disclosure of any security or other precautions provided to the
victims of the alleged conspiracy; and,
        (e)        copies of all internal memorandums and investigative reports
prepared in connection with the FBI's investigation of the informant's report.

I wish to emphasize that Mr. Manna does **NOT** seek the identity of the informant at this time so that you may redact any such identifiers from the relevant documents.

I am re-enclosing copies of the 13-pages referred to for your convenience.

By copy hereof to the United States Marshals Service (Newark), I am repeating my request of that Agency as well (and enclosing copies of the 13-pages).

Finally, your timely response to this request is imperative as there is a fast-approaching deadline for the filing of a post-conviction motion on behalf of Mr. Manna.

Thank you.

Very truly yours,

PAUL L. POTENZA

Encls.
Cc:   United States Marshals Service (Newark, NJ)(w/13-pp. encls.)
      Mr. Louis Anthony Manna

bcc:   Mrs. Juliette Principato

## **Petitioner's Preliminary Requests For Discovery**
## **Pursuant To 28 U.S.C. §2255, Procedural Rule 6 (b)**

Petitioner, Louis Anthony Manna, pursuant to Rule 6(b) of the Procedural Rules governing petitions under 28 U.S.C. §2255, hereby respectfully requests that the following documents be produced for Petitioner's discovery, inspection and/or copying:

1.   Any and all documents[1] in the possession custody and/or control of the (a) United States District Court for the District of New Jersey, (b) the Federal Bureau of Investigation, (c) the United States Marshal's Service and/or (d) the Office of the United States Attorney For The District of New Jersey, that relate to the information contained in a FBI "priority memorandum," dated July 24, 1989 ("FBI Memorandum,"submitted herewith as Exhibit "A") and/or any documents that relate in any way to an investigation, more fully described in the FBI Memorandum, concerning a plot/conspiracy, allegedly involving the Petitioner, to kill or otherwise harm Judge Maryanne Trump Barry, former Assistant United States Attorney, Michael Chertoff, and/or the former United States Attorney for the District of New Jersey, Samuel A. Alito.

2.   Pursuant to Procedural Rule 6(b) of 28 U.S.C. §2255, Rule 36 of the Fed. R. Civil Pro., and L. Civ. Rules 36.1 and 83.3 of the Local Rules of the United States District Court for the District of New Jersey, Petitioner further makes the following requests for admission by a duly authorized representative of the United States District Court for the District of New Jersey:

ADMIT THAT:
REQUEST NO. I.      That in or about July of 1989, Judge Maryanne Trump Barry was informed by law enforcement officials and/or others, of a possible plot or conspiracy, involving Louis A. Manna and possibly others, to kill or otherwise injure Judge Barry, and/or then AUSA Michael Chertoff, and/or then United States Attorney, Samuel Alito.

RESPONSE:

ADMIT THAT:
REQUEST NO. II      That Judge Maryanne Barry was informed of this alleged plot/conspiracy on or about the _____ day of _____ 1989

---

[1]

As used herein, the term "document" is to be interpreted consistent with the description contained in Rule 34(a) of the Fed. R. Civil Pro., and shall include, but not be limited to, any writings, memoranda, reports, airtels, facsimiles, drawings, charts, photographs, tape recordings, lie detector reports and/or data, computer data or any other data compilation from which information can be obtained or, if need be, translated through detection devices into reasonably usable form.

3.    Pursuant to Procedural Rule 6(b) of 28 U.S.C. §2255, Rule 36 of the Fed. R. Civil Pro., and L. Civ. Rules 36.1 and 83.3 of the Local Rules of the United States District Court for the District of New Jersey, Petitioner further makes the following requests for admission by a duly authorized representative of the Federal Bureau of Investigation:

ADMIT THAT:
REQUEST NO. III.    That in or about July of 1989, Judge Maryanne Trump Barry was informed by law enforcement officials and/or others, of a possible plot or conspiracy, involving Louis A. Manna and possibly others, to kill or otherwise injure Judge Barry, and/or then AUSA Michael Chertoff, and/or then United States Attorney, Samuel Alito.

RESPONSE:



ADMIT THAT:
REQUEST NO. IV.    That Judge Maryanne Barry was informed of this alleged plot/conspiracy on or about the _____ day of _____ 1989



4.    Pursuant to Procedural Rule 6(b) of 28 U.S.C. §2255, Rule 36 of the Fed. R. Civil Pro., and L. Civ. Rules 36.1 and 83.3 of the Local Rules of the United States District Court for the District of New Jersey, Petitioner further makes the following requests for admission by a duly authorized representative of the United States Marshal Service:

ADMIT THAT:
REQUEST NO. V.    That in or about July of 1989, Judge Maryanne Trump Barry was informed by law enforcement officials and/or others, of a possible plot or conspiracy, involving Louis A. Manna and possibly others, to kill or otherwise injure Judge Barry, and/or then AUSA Michael Chertoff, and/or then United States Attorney, Samuel Alito.

RESPONSE:



ADMIT THAT:
REQUEST NO. VI.    That Judge Maryanne Barry was informed of this alleged plot/conspiracy on or about the _____ day of _____ 1989

5.   Pursuant to Procedural Rule 6(b) of 28 U.S.C. §2255, Rule 36 of the Fed. R. Civil Pro., and L. Civ. Rules 36.1 and 83.3 of the Local Rules of the United States District Court for the District of New Jersey, Petitioner further makes the following requests for admission by a duly authorized representative of the Office of the United States Attorney For The District of New Jersey:

ADMIT THAT:
REQUEST NO. VII.   That in or about July of 1989, Judge Maryanne Trump Barry was informed by law enforcement officials and/or others, of a possible plot or conspiracy, involving Louis A. Manna and possibly others, to kill or otherwise injure Judge Barry, and/or then AUSA Michael Chertoff, and/or then United States Attorney, Samuel Alito.


RESPONSE:



ADMIT THAT:
REQUEST NO. VIII.   That Judge Maryanne Barry was informed of this alleged plot/conspiracy on or about the _____ day of _____ 1989