**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | CIVIL ACTION NO.: 97-2034 (WJM) |
| | CRIM. NO.: 88-239 |
| v. | OPINION |
| LOUIS ANTHONY MANNA | FILED: June 29ᵗʰ, 2004. |
| Defendant. | |

PAUL L. POTENZA, Esq.
155 POLIFLY ROAD
HACKENSACK, NJ 07601

VIVIAN SHEVITZ, Esq.
5 HOLLY BRANCH ROAD
KATONAH, NY 10536
*Attorneys for Defendant.*

CHRISTOPHER J. CHRISTIE, US ATTORNEY
JOSE P. SIERRA & R. JOSEPH GRIBKO, ASST US ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
970 BROAD STREET (ROOM 702)
NEWARK, NJ 07102
*Attorneys for the United States.*

**MARTINI, District Judge.**

**I.    INTRODUCTION**

Although the parties disagree with the proper *characterization* of Defendant Manna's instant motion, the procedural posture of this case is not in dispute. Because the facts are not in substantial dispute, the Court is faced with a pure question of law.

On or about June 1989, following a trial presided over by Judge Maryanne Trump Barry, the jury convicted Defendant Manna under the RICO statute and for related offenses. On September 26, 1989, Judge Barry imposed sentence. In 1990, the Third Circuit affirmed the conviction. In 1997, Manna filed his first habeas corpus petition. In 1998, Judge Barry dismissed the petition. And, in 1999, Judge Barry dismissed a motion for reconsideration. Again, Judge Barry was upheld by the Third Circuit.

Throughout these proceedings, Defendant has made many FOIA requests seeking information that might prove his innocence or otherwise upset the conviction or sentence. Although it is *not* clear how or when he came by it, an FBI report – now an exhibit to the instant motion – purportedly establishes that the FBI was apprised by some informant that Manna was involved in a plot to murder: the trial judge, Maryanne Trump Barry; and the United States Attorney, Samuel A. Alito; and the chief prosecutor, Michael Chertoff – all three of which are now Third Circuit judges. Furthermore, this FBI report was *apparently* communicated to Judge Barry *after* conviction, but *prior* to his sentencing. Manna argues that upon receipt of this information Judge Barry had a statutory duty to communicate this information to Defendant's counsel and to recuse herself. Manna's instant motion seeks discovery against the Government to further develop these materials. He argues that were a proper foundation developed, the Court would have cause to vacate the prior

habeas petition and/or vacate the prior sentence – ostensibly imposed by a biased judge.

More importantly, Defendant argues that his motion to compel discovery is ancillary to the original habeas petition, not a successive petition. The Government disputes Manna's characterization of the instant motion. Rather, the Government characterizes the instant motion as a new or successive habeas petition – and, therefore, beyond the jurisdiction of the district court absent certification from the Third Circuit. *See* 22 U.S.C. §§ 2241(a), 2244(a), 2255 (1 year statute of limitations from discovery of information).

For the reasons set forth below, the Court DENIES Plaintiff's motion to compel discovery.

## II. ANALYSIS

The first issue to be determined by the Court is one of characterization. Is this motion substantively a motion to hear a new habeas petition – leaving the Court with no jurisdictional basis to hear the action? Or, is the relief sought ancillary to the prior, but otherwise concluded, habeas petition first filed in 1997? This question must be determined *prior* to reaching the merits of Defendant's arguments for discovery because federal courts are courts of limited jurisdiction, and remain so even in the context of a habeas action adjudicating alleged violations of constitutional rights having bearing on the propriety of a prior criminal proceeding having gone to final judgment.

Given the unusual constellation of facts – alleged bias of the trial judge caused by facts brought to her attention by the Government ex parte between the time of Defendant's conviction and sentencing, and given the novel procedural relief sought – discovery ancillary to an otherwise closed habeas action, the Court writes largely on a clean slate, at least here in the Third Circuit. Neither party has brought to the Court's attention any on-point holding guiding this Court's judgment or discretion. In this situation, the Court must turn, at least in the first instance, to the words and

structure of the habeas statute, 28 U.S.C. § 2241 et seq. If the statute proves ambiguous, then the Court must turn to the policies and purposes of the habeas statute.

Petitioner Manna's position is that this proceeding – the motion for discovery – is not a new, second, or successive proceeding, but rather, is a continuation of his original habeas action and ancillary to that action. As a formal matter that habeas action was heard by Judge Barry and affirmed on appeal. Further appeals to the Supreme Court were rejected. It is technically closed and thus no longer before this Court. Rather Petitioner Manna's position is that because discovery, based on evidence revealed following the close of the first round of collateral proceedings and based on yet to be discovered evidence were this Court to order discovery, might reveal that Judge Barry was biased, per 28 U.S.C. § 455, the motion before this Court might ultimately conclude with vacating the prior habeas order of the district court. Thus the motion before this Court is a continuation of the first filed, but now concluded habeas action, and ancillary to that proceeding.

A motion for discovery ancillary to a prior habeas action having reached final judgment on direct review is a proceeding not discussed in the statute, in the case law of the Supreme Court of the United States, in the case law of the United States Court of Appeals for the Third Circuit, and in the persuasive case law of the district courts of this Circuit. However, authority for such a proceeding is not wholly lacking. A divided Sixth Circuit, sitting en banc, ordered such relief. *See In re Byrd*, 269 F.3d 585 (6th Cir. 2001). *Byrd* is procedurally distinguishable from the instant litigation. There the petitioner sought leave to file a second petition from the Court of Appeals, and that Court granted the requested relief in the form of newly ordered discovery to be developed on remand before the district court. It is the Court of Appeals role, subject to the limitations imposed by the AEDPA statute, to function as a gate keeper over successive petitions. *See Felker v. Turpin*,

518 U.S. 651, 657 (1996) (Rehnquist, C.J.). With regard to successive petitions, the district courts will hear such petitions following a grant of leave to file by the appropriate circuit court of appeals. Here, Petitioner has made no such filing and the Third Circuit has not certified a second petition as appropriate. Thus *Byrd* is not on-point. Moreover, this action is not in any meaningful sense *ancillary* to the first filed, but now concluded habeas petition. Petitioner seeks through discovery evidence that Judge Barry may have been biased (or, more properly, may have appeared to have been biased) during prior proceedings. But the prior habeas petition did not seek such relief, i.e. the removal of Judge Barry, nor would the information Petitioner now attempts to elicit have aided Petitioner in developing the claims made in the prior petition. Petitioner is not seeking to use discovery to vindicate claims made in his first petition. Here the claim is new: appearance of or actual judicial bias. And here the relief sought is new: vacation of the prior habeas petition. Thus the substance of the motion is that it is part and parcel of a *new* habeas petition, seeking, *inter alia*, the vacation of the prior habeas action on a theory of judicial bias – actual or apparent.

The Government's response is simple. Since this is not a first habeas petition, whose direct review has ended, it must be a second or successive petition. District Courts lack jurisdiction to hear second or successive petitions absent certification from their Court of Appeal, here, the Third Circuit. And here no such certification has been granted. Thus, the Government has argued that the Court should not reach the merits of the motion for discovery because the Court lacks jurisdiction to hear the matter. *See* 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...."). There is some support for the Government's position. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) ("Generally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims

regarding the same conviction or sentence, has been decided on the merits. . . . *This remains true even if the latter petition purports to raise new claims.*") (emphasis added). In the instant litigation, the legal issue, claim, and relief sought upon the conclusion of discovery is new.

Although the Court agrees in part with the Government characterization, in that this action is not ancillary to the prior habeas action, the Court does not believe that this action must be construed as a second or successive motion as a matter of settled Third Circuit law. The term "second or successive" is a term of art incorporating the pre-AEDPA case law discussing abuse of the writ. Here the facts alleged in support of the claim made of judicial bias, the relief sought directly in the motion (discovery), and the ultimate relief sought (vacatur of the prior habeas) are all new claims, not made in the prior habeas. In these circumstances, where none of the claims are repetitious with claims made in the prior petition, there may be no abuse of the writ. Absent abuse of the writ, Petitioner Manna's motion for discovery might be characterized as a first petition, not a second or successive petition.

Nevertheless, even first petitions cannot be brought absent meeting the requirements of the statute, including the 1-year limitations period. *See* 28 U.S.C. § 2255(4) ("A 1-year period of limitation shall apply ... from ... the date on which the facts supporting the claim or claims presented could have been discovered ...."). This 1-year limitations is jurisdictional. *Cf. Fischer v. United States*, 285 F.3d 596, 599 (28 U.S.C. § 2255 and 2255(3) is jurisdictional). In its opposition, the Government points out that Petitioner failed to specify when the information supporting his motion first became available to him. *See* Manna Decl. ¶ 5. It is the movant's burden to establish the Court's power to adjudicate the dispute. Movant's showing is plainly insufficient. Nor is this 1-year period shunted aside because the facts at issue here were (allegedly) in the exclusive possession of

the Government which (allegedly) stalled in producing them. The 1-year clock runs from actual production by the Government, but Petitioner Manna has made no showing establishing that date.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion to compel discovery.

A separate order will be entered consistent with this opinion.

/s/ William J. Martini

William J. Martini, U.S.D.J.