

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | |
|---|---|
| *970 Broad Street, Suite 700* | *(973) 645-2700* |
| *Newark, NJ 07102* | |

July 23, 2004

The Honorable William J. Martini
United States District Judge
Martin Luther King Jr. Federal
    Office Building and Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    United States v. Louis Manna, 88-cr-239; 97-cv-2034

Dear Judge Martini:

      Please accept this letter-brief in lieu of a more formal submission in response to Petitioner's Motion for Re-Argument in the above-referenced action. Petitioner claims that the instant application is a motion: (a) "ancillary" to Louis Manna's original habeas petition; (b) seeking discovery; (c) in order to enable Manna to later move pursuant to Fed. R. Civ. P. 60(b) to vacate the 1998 and 1999 decisions on Manna's original habeas corpus petition (d) based upon Manna's claim that a threat allegedly made upon Judge Barry some nine years earlier precluded her from ruling on that petition. Because each part of this request is flawed, the Court properly denied Manna's application.

      (a)    **The Instant Application Is Not "Ancillary" to the Original Petition**.

      As set forth in the Court's opinion, this proceeding is in no way "ancillary" to the petitioner's initial habeas petition. Petitioner raises entirely new claims and seeks entirely different relief.

      Moreover, the only case that supports the Petitioner's assertion that such "ancillary" jurisdiction exists is that of a sharply-divided Sixth Circuit in In re Byrd, 269 F. 3d 585, 586 (6th Cir. 2001). As discussed in the Government's Brief in Opposition to Petitioner's Motion to Compel Discovery, Byrd is a very shaky ground upon which to base such jurisdiction.

      As also pointed out in the Court's Opinion, even if this Court were to accept the reasoning of the majority in Byrd, that would not give this Court jurisdiction to entertain Manna's motion because Manna did not even follow the questionable procedure set forth in Byrd. In Byrd, the petitioner was granted discovery by the court of appeals, after the petitioner applied to the court of appeals for permission to file a second habeas petition. Byrd, 269 F. 3d 585 at 587. Here, Manna did not seek, much less obtain, such permission from the Third Circuit.

    (b)    **There Is No "Good Cause" for the Requested Discovery.**

Rule 6(a) of the Rules Governing § 2254 Cases provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause may be found: "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Here, even without the numerous flaws in the instant application, the Court should exercise its discretion to deny discovery.

As set forth in detail in the Government's Brief in Opposition to Petitioner's Motion to Compel Discovery and briefly herein, Petitioner's upcoming habeas petition will be procedurally barred and substantively baseless. Moreover, if the law on the substantive issue on which Petitioner is seeking discovery is as clear as Petitioner suggests, there is no need for additional discovery.

    (c)    **Manna Cannot Proceed Under Rule 60(b).**

Despite Petitioner's attempt to characterize his upcoming motion as a motion pursuant to Fed. R. Civ. P. 60(b), truly is a second or successive habeas petition and should be treated as such. As the Third Circuit has recently stated: The "majority of circuit courts . . . have held that a Rule 60(b) motion to vacate a judgment denying habeas either must or may be treated as a second or successive habeas petition." United States v. Edwards, 309 F.3d 110, 113 n. 1 (3d Cir. 2002) (citation omitted) (affirming decision of district court to construe a Rule 60(b) motion as a second or successive habeas petition).

If the Court were to accept Petitioner's characterization of his upcoming application, that motion must be raised as a claim of newly discovered evidence under Rule 60(b)(2), not the "catchall clause," (b)(6), cited by Petitioner. Any motion brought under subsection (b)(2) must be brought "within a reasonable time ... not more than one year after the judgment was entered or taken." This one year limitation is mandatory, and cannot be enlarged by the court. Hancock Industries v. Schaeffer, 811 F.2d 225, 239 (3rd Cir.1987). Thus, considered appropriately as newly discovered evidence, Petitioner's claim is time-barred because it is asserted far more than one year after the Court's 1999 Order. Indeed, Petitioner failed even to make his motion within one year of obtaining this new evidence.

    (d)    **The Substantive Issue upon Which Petitioner Seeks Discovery Is Unavailing.**

The government will not repeat the arguments set forth the Government's Brief in Opposition to Petitioner's Motion to Compel Discovery, except to say that the new clarity on exactly what Petitioner is seeking has made it even clearer that Judge Barry was not required to recuse herself. In the government's initial brief, it was assumed that the Petitioner was arguing that Judge Barry should have been recused from ruling at his sentencing, which occurred immediately after the threat was received. Now, it is clear that he is arguing that Judge Barry should have recused herself from ruling on his habeas motion, some nine years later, despite the fact that the alleged threat had failed to materialize against any of the supposed targets in the intervening nine years. This makes it even clearer that even if all of the procedural problems

involved in Petitioner's application were somehow overcome, the substantive issue upon which Petitioner seeks discovery is unavailing because Judge Barry was not obligated to recuse herself.

Accordingly, Petitioner's Motion for Re-Argument should be denied.

>Respectfully submitted,
>
>CHRISTOPHER J. CHRISTIE
>United States Attorney
>
>s/R. Joseph Gribko
>
>By: R. JOSEPH GRIBKO
>Assistant U.S. Attorney

cc:     Paul L. Potenza, Esq.