# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

October 1, 2004

Paul L. Potenza, Esq.
155 Polifly Road
Hackensack, New Jersey 07601

John W. Mitchell
600 Third Avenue, 31ˢᵗ Floor
New York, New York 10016
*Attorneys for Defendant*

Christopher J. Christie, US Attorney
Jose P. Sierra & R. Joseph Gribko, Asst. US Attorney
United States Attorney's Office
970 Broad Street (Room 702)
Newark, New Jersey 07102
*Attorneys for the United States*

**Re:**    **U.S. v. Manna,**
         **Docket No. 97-CV-2034 (WJM)**

Dear Counsel:

This matter is before the Court on Defendant's Motion for Re-Argument. For the reasons stated below, Defendant's motion is **DENIED.**

Since the facts of this matter were sufficiently set forth in the June 2004 opinion, the following will only be a brief summary. After being convicted of RICO violations and related offenses by a jury presided over by Judge Maryanne Trump Barry, Defendant Louis Manna was sentenced and thereafter filed his first habeas corpus petition in 1997. Judge Barry dismissed the petition in 1998 and dismissed a motion for reconsideration in 1999, which was upheld by the Third Circuit.

Through several requests under the Freedom of Information Act, Defendant came by an FBI report that purportedly establishes he was involved in a plot to murder several individuals involved in the case, one being Judge Barry. The FBI report was allegedly communicated to Judge Barry after the conviction, but prior to sentencing. Manna argues Judge Barry had a statutory duty to communicate the information to defendant and to recuse herself. Defendant originally brought this action as a motion to compel discovery, which the Government characterized as a successive habeas petition. Defendant maintained that the motion to compel discovery was ancillary to the original habeas petition.

This Court denied the motion to compel discovery and concluded the motion was actually a habeas petition. The Court then went on to reason that if said motion were characterized as a successive habeas petition it would be barred. Alternatively, if it were characterized as a first petition, Manna failed to follow proper procedure by filing the petition outside the one year limitation. 28 U.S.C. § 2255 (2000). Thus, Manna is prevented from bringing this petition. Defendant has now filed this motion for re-argument contending the Court erred in concluding his motion was a habeas petition, rather than a motion to compel discovery ancillary to the original habeas petition.

Pursuant to Local Rule 7.1(g), re-argument should be granted only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995). The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked." L. Civ. R. 7.1(g). A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database Am., 825 F. Supp. at 1220; North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995). The decision to grant or deny a motion to reconsider is within the discretion of the district court judge. Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 160 (3rd Cir. 1998).

Defendant does not present any new evidence, nor is there change in the law or an erroneous application of the law. Rather, Manna refers to the same set of facts and law to maintain his arguments. Therefore, the Court **DENIES** Plaintiff's motion for re-argument.

A separate order will be entered consistent with this letter opinion.

Dated:

William J. Martini, U.S.D.J.

cc:    The Honorable Ronald J. Hedges, U.S.M.J.

2